UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DA´QUAN COLEMAN-GREEN,              )
                                   )
        Plaintiff,                 )
                                   )
VS.                                )          No. 20-1104-JDT-cgc
                                   )
KARL JACKSON,                      )
                                   )
        Defendant.                 )

---

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

---

On May 8, 2020, Plaintiff Da´Quan Coleman-Green, who is incarcerated at the Obion County Jail (Jail) in Union City, Tennessee, filed a *pro se* complaint under 42 U.S.C. § 1983 against Karl Jackson, the Sheriff of Obion County. (ECF No. 1.) After Coleman-Green filed the necessary documentation, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.)

Coleman-Green alleges he has been asking Jail personnel for a law library ever since he was incarcerated at the Jail on October 26, 2019, but was told the Jail did not have one. (ECF No. 1 at PageID 2.) Defendant Jackson allegedly "sent a paper stating they don't have to have a law library," which Coleman-Green asserts is not true. (*Id.*) He alleges a law library is necessary so that he can prepare for his case. (*Id.*) Coleman-Green also alleges the Jail is "trying to get [a law library] but . . . what about the time they did not have

one for (5) months." (*Id.*) He contends the lack of a law library is a violation of his Fourteenth Amendment right to due process. (*Id.*)

Attached to Coleman-Green's complaint in this case is a copy of an earlier civil complaint he filed against Defendant Jackson in the Obion County Chancery Court on March 3, 2020. Coleman-Green alleges in the Obion County complaint that the Jail is impeding his ability to prepare for his criminal proceeding by denying him access to legal materials such as law books, legal supplies, and a law library, and to a legal advisor.[1] (ECF No. 1-1 at PageID 4-6.) The statement in the present complaint that Coleman-Green needed a law library to "prepare for his case" thus appears to refer to preparation for his criminal case.

Coleman Green further alleges in the present complaint that "they" are trying to dismiss his case but that it should not be dismissed because his constitutional rights have been violated, apparently a reference to the Obion County civil complaint. (ECF No. 1 at PageID 2.) In this case, Coleman-Green seeks unspecified monetary damages. (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[1] The Court surmises that "legal advisor" refers to an inmate legal advisor. As discussed, *infra*, Coleman-Green does not allege that he has no attorney in the criminal proceeding.

(2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.  8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create

3

a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Coleman-Green filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements:  (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).  For the reasons explained below, Coleman-Green's complaint fails to state a claim on which relief may be granted.

Prisoners have a constitutional right of access to the courts.  *Bounds v. Smith,* 430 U.S. 817, 821 (1977).  This fundamental constitutional right, which is "partially grounded in the First Amendment's protection of the right to 'petition the Government for a redress of grievances,'" *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) (quoting U.S. Const. amend. I), "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828; *see also Thaddeus-X*, 175 F.3d at 395-96 (a prisoner may have a constitutional right to inmate legal advisor if necessary to vindicate his right of access to the courts).  However, an inmate does not have "an abstract, freestanding right to a law library or legal assistance.

*Lewis v. Casey*, 518 U.S. 343, 351 (1996).  The touchstone is the *meaningful* access to the

courts.  *Bounds*, 430 U.S. at 823 (emphasis added).  The Supreme Court has stated:

> In other words, *Bounds* does not guarantee inmates the wherewithal to
> transform themselves into litigating engines capable of filing everything
> from shareholder derivative actions to slip-and-fall claims.  The tools it
> requires to be provided are those that the inmates need in order to attack their
> sentences, directly or collaterally, and in order to challenge the conditions of
> their confinement.  Impairment of any *other* litigating capacity is simply one
> of the incidental (and perfectly constitutional) consequences of conviction
> and incarceration.

*Lewis*, 518 U.S. at 355 (emphasis in original).

To have standing to pursue a claim of interference with access to courts, an inmate

must allege "actual injury."  *Id.* at 349.  That is, the prisoner must "demonstrate that a

nonfrivolous legal claim had been frustrated or was being impeded."  *Id.* at 353.  *See also*

*Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) ( a plaintiff must "show that the

defendants have scuttled his pursuit of a 'nonfrivolous, arguable' claim"); *Rodgers v.*

*Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) (a prisoner must show that "prison officials'

conduct . . . hindered his efforts to pursue a nonfrivolous legal claim"); *Hadix v. Johnson*,

182 F.3d 400, 405-06 (6th Cir. 1999) (explaining how *Lewis* altered the "actual injury"

requirement previously articulated by the Sixth Circuit).   "Actual injury" can be

demonstrated by "the late filing of a court document or the dismissal of an otherwise

meritorious claim."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  The Supreme

Court has held that "the underlying cause of action . . . is an element that must be described

in the complaint, just as much as allegations must describe the official acts frustrating the

litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3).

Coleman-Green's contentions do not satisfy this standard. With regard to the assertion that he was unable to prepare for his criminal proceeding, the Sixth Amendment guarantees the assistance of counsel in all criminal prosecutions. *Gideon v. Wainwright*, 372 U.S. 335 (1963). Coleman-Green does not allege that he has chosen to waive his right to counsel and represent himself in the criminal case, and representation by counsel in a criminal proceeding completely satisfies the constitutional right of access to the courts. *United States v. Smith*, 907 F.2d 42, 44 (6th Cir. 1990); *see also United States v. Manthey*, 92 F. App'x 291, 297 (6th Cir. 2004) ("Due process is satisfied, however, if a defendant . . . has the assistance of an attorney during the course of his criminal trial." (citing *Smith*)). Coleman-Green thus has not stated a claim for denial of access to the courts with regard to his criminal proceeding.

As for his Obion County civil complaint, Coleman-Green contends "they" were trying to have the case dismissed. There is no suggestion, however, that the case actually was dismissed or otherwise impeded due to the fact that Coleman-Green had no access to legal materials or a law library. In fact, the documents Coleman-Green has attached to the present complaint show only a motion to transfer the case from Obion County Chancery Court to the Obion County Circuit Court, not a motion to dismiss. (*See* ECF Nos. 1-2 & 1-3.) Furthermore, though the Obion County complaint alleges that Coleman-Green has been unable to prepare for his criminal proceeding without access to a law library or other legal materials, again there is no allegation that he waived his Sixth Amendment right to

6

counsel and is representing himself in the criminal matter.  Consequently, this Court cannot conclude that the Obion County civil complaint raises a nonfrivolous legal claim.

For these reasons, Coleman-Green's complaint in this case is subject to dismissal for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").  Leave to amend is not required where a deficiency cannot be cured.  *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").  In this case, the Court concludes that Coleman-Green should be given the opportunity to amend his complaint.

In conclusion, the Court DISMISSES Coleman-Green's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Leave to amend, however, is GRANTED.  Any amendment must be filed within twenty-one days after the date of this order, on or before **September 1, 2020**.

Coleman-Green is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleadings.  The text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the

7

text of the amended complaint and must be attached to the complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each defendant sued in that count.  If Coleman-Green fails to file an amended complaint within the time specified, the Court will dismiss the case with  prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE